MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

ISAEL ROBLES NAVA, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| OPAI THAI INC.  (D/B/A OPAI THAI), | |
| OPAI INC.  (D/B/A OPAI THAI), YAN BING | **ECF Case** |
| CHEN, TINA DOE, and NOE CARRETERO, | |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Isael Robles Nava ("Plaintiff Robles" or "Mr. Robles"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Opai Thai Inc.  (d/b/a Opai Thai), Opai Inc. (d/b/a Opai Thai), ("Defendant Corporations"), Yan Bing Chen, Tina Doe, and Noe Carretero, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

1.     Plaintiff Robles is a former employee of Defendants Opai Thai Inc.  (d/b/a Opai Thai), Opai Inc. (d/b/a Opai Thai), Yan Bing Chen, Tina Doe, and Noe Carretero.

2.      Defendants own, operate, or control a Thai restaurant, located at 722 Amsterdam Avenue, New York, NY 10025 under the name "Opai Thai."

3.      Upon information and belief, individual Defendants Yan Bing Chen, Tina Doe, and Noe Carretero, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Robles was employed as a cook and food preparer at the restaurant located at 722 Amsterdam Avenue, New York, NY, 10025.

5.      At all times relevant to this Complaint, Plaintiff Robles worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Robles appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Robles the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Robles wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiff Robles to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Robles and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Robles now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Robles seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Robles's state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Thai restaurant located in this district. Further, Plaintiff Robles was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Isael Robles Nava ("Plaintiff Robles" or "Mr. Robles") is an adult individual residing in Queens County, New York.

16.     Plaintiff Robles was employed by Defendants at Opai Thai from approximately May 2017 until on or about January 26, 2020.

17.     Plaintiff Robles consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a Thai restaurant, located at 722 Amsterdam Avenue, New York, NY 10025 under the name "Opai Thai."

19.     Upon information and belief, Opai Thai Inc. (d/b/a Opai Thai) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 722 Amsterdam Avenue, New York, NY, 10025.

20.     Upon information and belief, Opai Inc. (d/b/a Opai Thai) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 722 Amsterdam Avenue, New York, NY, 10025.

21.     Defendant Yan Bing Chen is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Yan Bing Chen is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation, Opai Thai Inc. Defendant Yan Bing Chen possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Robles, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Tina Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Tina Doe is sued individually in her capacity as a manager of Defendant Corporations. Defendant Tina Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Robles, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Noe Carretero is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Noe Carretero is sued individually in his capacity as a manager of Defendant Corporations. Defendant Noe Carretero possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Robles, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

24.     Defendants operate a Thai restaurant located in the Upper West Side section of Manhattan in New York City.

25.     Individual Defendants, Yan Bing Chen, Tina Doe, and Noe Carretero, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

26.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.     Each Defendant possessed substantial control over Plaintiff Robles's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Robles, and all similarly situated individuals, referred to herein.

28.     Defendants jointly employed Plaintiff Robles (and all similarly situated employees) and are Plaintiff Robles's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiff Robles and/or similarly situated individuals.

30.     Upon information and belief, Individual Defendant Yan Bing Chen operates Defendant Corporation Opai Thai Inc. as either an alter ego of herself and/or fails to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for her own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for her own benefit and maintaining control over these corporations as closed Corporations,

f)   intermingling assets and debts of her own with Defendant Corporations,

g)   diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect her own interests, and

h)   Other actions evincing a failure to adhere to the corporate form.

31.    At all relevant times, Defendants were Plaintiff Robles's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Robles, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Robles's services.

32.    In each year from 2017 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

### Individual Plaintiff

34.    Plaintiff Robles is a former employee of Defendants who was employed as a cook and food preparer.

35.    Plaintiff Robles seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Isael Robles Nava

36.    Plaintiff Robles was employed by Defendants from approximately May 2017 until on or about January 26, 2020.

37.    Defendants employed Plaintiff Robles as a cook and food preparer.

38.     Plaintiff Robles regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39.     Plaintiff Robles's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Robles regularly worked in excess of 40 hours per week.

41.     From approximately May 2017 until on or about May 31, 2019, Plaintiff Robles worked from approximately 11:00 a.m. until on or about 11:00 p.m., 3 days a week and from approximately 11:00 a.m. until on or about 11:10 p.m., 3 days a week (typically 72 to 72.51 hours per week).

42.     From approximately June 2019 until on or about September 2019, Plaintiff Robles worked from approximately 11:00 a.m. until on or about 11:00 p.m., 2 days a week and from approximately 11:00 a.m. until on or about 11:10 p.m., 3 days a week (typically 60 to 60.51 hours per week).

43.     From approximately October 2019 until on or about November 14, 2019, Plaintiff Robles worked from approximately 11:00 a.m. until on or about 11:00 p.m., 3 days a week and from approximately 11:00 a.m. until on or about 11:10 p.m., 3 days a week (typically 72 to 72.51 hours per week).

44.     From approximately November 15, 2019 until on or about November 30, 2019, Plaintiff Robles worked from approximately 11:00 a.m. until on or about 11:00 p.m., 2 days a week and from approximately 11:00 a.m. until on or about 11:10 p.m., 3 days a week (typically 60 to 60.51 hours per week).

45.     From approximately December 1, 2019 until on or about December 31, 2019, Plaintiff Robles worked from approximately 11:00 a.m. until on or about 11:00 p.m., 1 day a week

and from approximately 11:00 a.m. until on or about 11:10 p.m., 3 days a week (typically 48 to 48.51 hours per week).

46.     From approximately January 1, 2020 until on or about January 12, 2020, Plaintiff Robles worked from approximately 11:00 a.m. until on or about 11:00 p.m., 2 days a week and from approximately 11:00 a.m. until on or about 11:10 p.m., 3 days a week (typically 60 to 60.51 hours per week).

47.     From approximately January 25, 2020 until on or about January 26, 2020, Plaintiff Robles worked from approximately 11:00 a.m. until on or about 11:00 p.m., Saturday and Sunday (typically 24 hours per week).

48.     Throughout his employment, Defendants paid Plaintiff Robles his wages in cash.

49.     From approximately May 2017 until on or about May 2019, Defendants paid Plaintiff Robles a fixed salary of $160 per day.

50.     From approximately June 2019 until on or about September 2019, Defendants paid Plaintiff Robles a fixed salary of $165 per day.

51.     From approximately October 2019 until on or about January 2020, Defendants paid Plaintiff Robles a fixed salary of $170 per day.

52.     From approximately January 25, 2020 until on or about January 26, 2020, Defendants did not pay Plaintiff Robles any wages for his work.

53.     Plaintiff Robles's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

54.     For example, Defendants required Plaintiff Robles to work an additional 10 minutes past his scheduled departure time three days a week, and did not pay him for the additional time he worked.

Although defendants granted Plaintiff Robles 30 minute to one hour meal periods, they constantly would require him to skip the breaks because the restaurant was busy.

55.     Although Plaintiff Robles was required to keep track of his time, Defendants required him to clock in 30 minutes past his scheduled start time three times per week. As a result, defendants' time records do not reflect Plaintiff Robles's actual hours worked.

56.     On a number of occasions, Defendants required Plaintiff Robles to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

57.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Robles regarding overtime and wages under the FLSA and NYLL.

58.     Defendants did not provide Plaintiff Robles an accurate statement of wages, as required by NYLL 195(3).

59.     Defendants did not give any notice to Plaintiff Robles, in English and in Spanish (Plaintiff Robles's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.     Defendants required Plaintiff Robles to purchase "tools of the trade" with his own funds—including two pairs of shoes, four pairs of pants and fifteen shirts.

*Defendants' General Employment Practices*

61.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Robles (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

62.     Plaintiff Robles was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

63.     Defendants' pay practices resulted in Plaintiff Robles not receiving payment for all his hours worked, and resulted in Plaintiff Robles's effective rate of pay falling below the required minimum wage rate.

64.     Defendants habitually required Plaintiff Robles to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

65.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Robles worked.

66.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

67.     On a number of occasions, Defendants required Plaintiff Robles to sign a document the contents of which he was not allowed to review in detail.

68.     Defendants paid Plaintiff Robles his wages in cash.

69.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

70.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Robles (and similarly situated individuals) worked, and to avoid paying Plaintiff Robles properly for his full hours worked.

71.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

72.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Robles and other similarly situated former workers.

73.     Defendants failed to provide Plaintiff  Robles and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

74.     Defendants failed to provide Plaintiff Robles and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

75.      Plaintiff Robles brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b),

on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

76.     At all relevant times, Plaintiff Robles and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

77.     The claims of Plaintiff Robles stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

78.     Plaintiff Robles repeats and realleges all paragraphs above as though fully set forth herein.

79.     At all times relevant to this action, Defendants were Plaintiff Robles's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Robles (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

80.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

81.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

82.     Defendants failed to pay Plaintiff Robles (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

83.     Defendants' failure to pay Plaintiff Robles (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

84.     Plaintiff Robles (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

85.     Plaintiff Robles repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Robles (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87.     Defendants' failure to pay Plaintiff Robles (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

88.     Plaintiff Robles (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

89.     Plaintiff Robles repeats and realleges all paragraphs above as though fully set forth herein.

90.     At all times relevant to this action, Defendants were Plaintiff Robles's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Robles, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

91.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Robles less than the minimum wage.

92.     Defendants' failure to pay Plaintiff Robles the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

93.     Plaintiff Robles was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

94.      Plaintiff Robles repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Robles overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

96.     Defendants' failure to pay Plaintiff Robles overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

97.     Plaintiff Robles was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

**OF THE NEW YORK COMMISSIONER OF LABOR**

98.      Plaintiff Robles repeats and realleges all paragraphs above as though fully set forth herein.

99.      Defendants failed to pay Plaintiff Robles one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Robles's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

100.      Defendants' failure to pay Plaintiff Robles an additional hour's pay for each day Plaintiff Robles's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

101.      Plaintiff Robles was damaged in an amount to be determined at trial.

<u>**SIXTH CAUSE OF ACTION**</u>

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

102.      Plaintiff Robles repeats and realleges all paragraphs above as though fully set forth herein.

103.      Defendants failed to provide Plaintiff Robles with a written notice, in English and in Spanish (Plaintiff Robles's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

104.     Defendants are liable to Plaintiff Robles in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

105.     Plaintiff Robles repeats and realleges all paragraphs above as though fully set forth herein.

106.     With each payment of wages, Defendants failed to provide Plaintiff Robles with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

107.     Defendants are liable to Plaintiff Robles in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

108.     Plaintiff Robles repeats and realleges all paragraphs above as though fully set forth herein.

109.     Defendants required Plaintiff Robles to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his

job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R.

§ 531.35; N.Y. Lab. Law §§ 193 and 198-b.

110.    Plaintiff Robles was damaged in an amount to be determined at trial.


## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

111.     Plaintiff Robles repeats and realleges all paragraphs above as though set forth fully

herein.

112.    Defendants did not pay Plaintiff Robles on a regular weekly basis, in violation of

NYLL §191.

113.    Defendants are liable to Plaintiff Robles in an amount to be determined at trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Robles respectfully requests that this Court enter judgment

against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of

notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in

this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff Robles and the FLSA Class

members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Robles and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Robles's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Robles and the FLSA Class members;

(f)     Awarding Plaintiff Robles and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Robles and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Robles;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Robles;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Robles;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Robles;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiff Robles's compensation, hours, wages and any deductions or credits taken against wages;

(m)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Robles;

(n)      Awarding Plaintiff Robles damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)      Awarding Plaintiff Robles damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)      Awarding Plaintiff Robles liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)      Awarding Plaintiff Robles and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)       Awarding Plaintiff Robles and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)      All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Robles demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

May 18, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

February 5, 2020

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Isael Robles Nava

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     5 de Febrero 2020

*Certified as a minority-owned business in the State of New York*