**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ISAEL ROBLES NAVA, *individually and*
*on behalf of others similarly situated,*

                        *Plaintiff*,

      -against-

OPAI THAI INC. (D/B/A OPAI THAI), OPAI
INC. (D/B/A OPAI THAI), YAN BING
CHEN, TINA DOE and NOE CARRETERO,

                        *Defendants*
--------------------------------------------------------X

20-cv-03848

**DECLARATION OF MICHAEL FAILLACE IN SUPPORT OF PLAINTIFFS MOTION FOR DEFAULT JUDGMENT**

Michael Faillace, an attorney duly admitted to practice in New York and in this Court, affirms on penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I represent Plaintiff Isael Robles Nava ("Plaintiff"), in this lawsuit for unpaid wages, liquidated damages, and attorneys' fees under the FLSA and New York Labor Law and regulations.

2. I submit this affirmation in support of Plaintiff's application for a default judgment against Defendants Opai Thai Inc. (d/b/a Opai Thai), Opai Inc. (d/b/a Opai Thai), Yan Bing Chen, Tina Doe and Noe Carretero ("Defendants") pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b).

Procedural History

3. Plaintiffs commenced this action by filing the Complaint (and associated documents) on May 18, 2020. A true and correct copy of the Complaint is attached hereto as Exhibit A.

4. This is an action for unpaid minimum and overtime wages, spread of hours pay, liquidated damages, interest, costs and attorneys' fees under the Fair Labor Standards Act (29 U.S.C. § 201 et seq., "the "FLSA") the New York Labor Law ("NYLL"), and associated rules and regulations. See Exhibit A, generally, Complaint, for description of the nature of the claims.

5. The Court has subject matter jurisdiction of the Plaintiffs federal claims pursuant to 29 U.S.C. § 201 *et seq.* (FLSA) and 28 U.S.C. § 1331 (federal question), and jurisdiction over the New York state law claims (such as the NYLL) under 28 U.S.C. § 1367(a) (supplemental jurisdiction). *See* Exhibit A.

6. A summons and copy of the Complaint was properly served on Defendant Opai Inc. (d/b/a Opai Thai) on May 21, 2020. A true and correct copy of the affidavit of service is annexed as Exhibit B.

7. A summons and copy of the Complaint was properly served on Defendant Opai Thai Inc. (d/b/a Opai Thai) on May 21, 2020. A true and correct copy of the affidavit of service is annexed as Exhibit C.

8. A summons and copy of the Complaint was properly served on Defendant Noe Carretero on August 7, 2020. A true and correct copy of the affidavit of service is annexed as Exhibit D.

9. A summons and copy of the Complaint was properly served on Defendant Tina Doe on August 7, 2020. A true and correct copy of the affidavit of service is annexed as Exhibit E.

10. A summons and copy of the Complaint was properly served on Defendant Yan Bing Chen on August 7, 2020. A true and correct copy of the affidavit of service is annexed as Exhibit F.

11. Defendants did not answer or otherwise respond to the Complaint.

12. Upon information and belief, Defendants Opai Thai Inc. (d/b/a Opai Thai) and Opai Inc. (d/b/a Opai Thai), being a corporation organized and existing under the laws of the State of New York, and Individual Defendants Yan Bing Chen, Tina Doe and Noe Carretero, are neither an infant nor incompetent person nor in the active service of the United States military.

13. Plaintiffs moved for entry of default on September 1, 2020. The Clerk of the Court then noted default against Defendants Opai Thai Inc. (d/b/a Opai Thai), Opai Inc. (d/b/a Opai Thai), Yan Bing Chen, Tina Doe and Noe Carretero on September 2, 2020. A true and correct copy of the Clerk's Entry of Default is attached hereto as Exhibit G, Exhibit H, Exhibit I, Exhibit J Exhibit K.

14. The declaration of Isael Robles Nava in support of this motion for default judgment is annexed as Exhibit L.

## Statement of Facts Supporting Entry of Judgment

15. Plaintiff has attached a chart documenting his damages at Exhibit M using the information supplied by his respective declaration.

16. Plaintiff relies upon his declaration to supply the information about his hours worked and pay received and his allegations about the corporate Defendants' status as employers.

17. The Damage Chart at Exhibit M inputs the relevant data from the declaration into a clearer form capturing the damages sought in this default motion.

## Plaintiff is entitled to Judgment by Default

18. It is well settled that Defendants who fail to file an answer or otherwise move in respect to a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir.

3

2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party") (citation omitted).

19. Defendants have failed to file an answer or otherwise respond to the Complaint, despite the time to do so having expired. Thus, the Plaintiff's allegations are unchallenged, and consequently the Complaint and declaration attached hereto establish the Plaintiff's right to default judgment.

20. Upon entry of a default, the court may award damages based upon evidence submitted through affidavits and exhibits, or by an evidentiary hearing. Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012). "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." Id. "Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" Id. (quoting Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993)).

21. The Plaintiff maintains that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages. Based on the evidence the Plaintiff has put forward, damages, including back pay, liquidated damages, and prejudgment interest he should be awarded in the amount of $357,942.77, and attorneys' fees and costs should be awarded in the amount of $3,989.50.

Plaintiff's Damages Calculation

22. Annexed as <u>Exhibit M</u> is a chart setting out the damages the Plaintiff is entitled to recover.

23. In the damages chart, the Plaintiff's wage and hour damages (including

overtime wage damages, spread of hours wage damages, liquidated damages, and interest) are calculated in segments of time, broken into "Pay Periods." Each pay period calculates the number of weeks in each period ("No. of Weeks in Pay Period"), and then based upon each of the Plaintiff's affidavits, lists the number of hours worked per week in each period ("Hours Per Week in Period). The applicable minimum wage data, and associated overtime rate, are included as applicable for each pay period. Then there is a column for Paid Wages, the first column calculates the "regular rate of pay" for each period by dividing the amount actually paid each week to each Plaintiff (the "Credited Weekly Pay") for each period, then dividing that amount by the "Hours Per Week in Period"). The overtime rate is calculated using a 1.5 multiplier for time and a half overtime calculation later in the chart. The "Credited Weekly Pay" is the amount of money actually paid and is based upon the Plaintiff's affidavits. The information the number of days each week in that period for which the Plaintiff worked in excess of 10 hours per day is also included, and was therefore entitled to Spread of Hours Pay ("No. of SOH Days Per Wk in Period").

24. Calculations within the Chart – The "Lawful Weekly Pay" column of the chart calculates what the Plaintiff should have been paid per week during each pay period. The actual formula used in this column is as follows:( (greater of minimum wage or calculated base pay) * Hours Per Week up to 40) + ((greater time and a half rate) * (Hours Per Week over forty, if any)).

25. The chart therefore automatically determines whether the effective calculated base rate of pay falls below the minimum wage, and if it does, it discards it. If it does not, it uses it for the subsequent calculations (as the Plaintiff is entitled to earn at least the minimum wage). The chart then automatically calculates what the hours should have been compensated at under the base rate of pay up to the first 40 hours of work per week, and then at time-and-a-half pay for any hours

over 40.  The Chart then subtracts the amount actually paid to the Plaintiff (the "Credited Weekly Pay") and then derives the "Underpayment per Week." This number is then multiplied by the number of weeks in each period and derives the total damages due for unpaid minimum wages and overtime for each period ("Unpaid Wages & OT").  The Chart then applies the liquidated damages provisions of the NYLL to the "Unpaid Wages and OT" automatically in the "Liq. Damages on Wages & OT" by 25% for damages occurring prior to April 9, 2011 and 100% for any subsequent damages.

26. The unpaid spread of hours pay ("Unpaid Spread of Hours (SOH) Pay") is derived by multiplying (the number of SOH days per week) * (the number of weeks per period) * (the minimum wage).  The liquidated damages on SOH pay are all calculated at the rate of 100%.

27. The legal basis for the damages calculations within the chart are set out below.

<u>Back Pay</u>

28. At all times relevant to the FLSA claims in this action, the minimum wage rate under the FLSA was $7.25 per hour.  Employees must be paid one-and-one half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207(a)(1). From 2011 to 2013, the minimum wage under New York law was the same as under the FLSA. The New York Minimum wage range increased to $8.00 per hour as of December 31, 2013; it further increased to $8.75 per hour as of December 31, 2014; it further increased to $9.00 per hour as of December 31, 2015; it further increased to $11.00 per hour on December 31, 2016 (in New York City); it further increased to $13.00 per hour on December 31, 2017 (in New York City) and it further increased to $15.00 per hour on December 31,

6

2018 (in New York City). New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. § 142-2.2.

29. The onus is on the employer to maintain proper records of employees' hours worked, 29 U.S.C. § 211(c). "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." Zeng Liu v. Jen Chu Fashion Corp, 2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. 2004) (the court accepted the Plaintiffs estimates of hours worked).

> An employee has carried out his burden [of production under the FLSA] if he proves that he has in fact performed work for which he was improperly compensated[,] and if he produces sufficient evidence to show the amount and extent of that work by just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *Id*. (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), and other cases).

30. Here, the Plaintiff was not paid minimum wage and overtime compensation at the lawful rate. Rather, the Plaintiff received a daily fixed salary throughout his entire employment with Defendants that did not vary, regardless of whether he had worked in excess of ten hours in a day or his scheduled hours. See Exhibit M.

31. Where an employee receives a day rate salary, "his regular rate is determined by totaling all the sums received at such day rates. . . in the workweek and dividing by the total hours actually worked." 29 C.F.R. § 778.112; Charvac v. M & T Project

| | |
|---|---|
| | Managers of N.Y., Inc., 2015 U.S. Dist. LEXIS 124906, *12 (S.D.N.Y. June 17, 2015). |
| 32. | Further, under the New York Hospitality Industry Wage Order, the regular rate for a restaurant employee who is not paid on an hourly basis is determined by "dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." 12 NYCRR §146-3.5 (2013). |
| 33. | Accordingly, to determine the Plaintiff's unpaid minimum wages, the Plaintiff's regular rate is determined by multiplying his hourly rate by the actual hours he worked per week. Then the regular rate is multiplied by 1.5 to determine the overtime rate the Plaintiff should have received (if applicable). |
| 34. | Plaintiff Robles is owed $147,466.63 in unpaid minimum wages and overtime compensation. As of October 7, 2020, Plaintiff Robles is entitled to $29,222.66 in prejudgment interest on wages and overtime. See Exhibit M. |

<u>Spread of Hours Pay</u>

| | |
|---|---|
| 35. | The Plaintiff is also entitled to "spread-of-hours" pay under the New York spread-of-hours regulation, which requires employers to pay workers for an additional hour of overtime-rate pay beyond their regular pay when the workday is more than ten (10) hours. 12 N.Y.C.R.R. § 146-1.6; Angamarca v. Pita Grill 7 Inc., 2012 U.S. Dist. LEXIS 108322, *16-17, 2012 WL 3578781 (S.D.N.Y. Aug. 2, 2012). |
| 36. | As set out above, Plaintiff Robles regularly worked more than ten hours per day throughout his entire employment. |

37. Plaintiff Robles is entitled to $10,641.00 in unpaid spread of hours pay. As of October 7, 2020, Plaintiff Robles is entitled to $1,964.85 in prejudgment interest on the unpaid spread of hours pay. See Exhibit M.

### Three Year Statute of Limitations Under FLSA

38. Under the FLSA, when the underpayment by the employer is willful, the limitations period increases from two (2) to three (3) years. 29 U.S.C. § 255(a).

39. Willfulness under the FLSA means the employer "knew or showed reckless disregard for the matter of whether [the employer's] conduct was prohibited by the statute," McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988); Damassia v. Duane Reade, Inc., 2005 U.S. Dist. LEXIS 9768 at *5 (S.D.N.Y. May 20, 2005) (willfulness was properly pleaded by alleging, inter alia, that the employer was "aware of the existence of the FLSA and its overtime requirements."). Willfulness is also established when an employer fails to investigate whether its compensation policy was legal. See Hardrick v. Airway Freights Systems, Inc., 63 F. Supp. 2d 898, 904 (N.D.Ill. 1999);   v. IBP, Inc., 339 F.3d 894, 909 (9th Cir. 2003), aff'd, 126 S.Ct. 514 (2005) (upholding the three-year statute of limitations because employer was on notice of FLSA requirements but "took no affirmative action to assure compliance" with them).

40. In the present matter, Defendant was aware, or should have been aware, of the existence of the FLSA and its overtime requirements. However, the Defendant knew or disregarded the fact that their conduct was prohibited by the FLSA. Furthermore, even if the Defendant did not know of the FLSA, the Defendant'

      actions are still willful because the Defendant failed to investigate whether their compensation policy was legal. See Hardrick, 63 F. Supp. 2d at 904.

41. Moreover, the Defendant failed to post the required information concerning the minimum wage laws, paid the Plaintiff in cash, and had no system for recording, or even having Plaintiff record, his hours. This deliberate decision to disregard both FLSA and New York law, as well as Defendant' failure to take any affirmative step towards compliance, amount to willfulness for purposes of the FLSA and New York law. Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 340 (S.D.N.Y. 2005)("A failure to pay is 'willful' when the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages") (internal quotations omitted).

42. As Plaintiff can establish that Defendant' violation of the FLSA was willful, they are entitled to a three-year limitations period under the FLSA, i.e., starting from February 25, 2017, three years before the complaint was filed. See, e.g., Decraene v. Neuhaus (U.S.A.), Inc., 2005 U.S. Dist. LEXIS 10836 at *23-*24 (S.D.N.Y. 2005). Furthermore, under the New York Labor Law and regulations, the limitations period is six years, regardless of willfulness. N.Y. Labor Law § 663(3). Causes of action under the New York Labor Law accrue in the same manner as do causes of action under the FLSA. See Godlewska v. Human Dev. Assoc., Inc., 2006 U.S. Dist. LEXIS 30519 at *12 (E.D.N.Y. May 18, 2006). Therefore, back pay under the New York Labor Law should be calculated from the start of the Plaintiffs employment, which were less than six years from the filing date.

<u>Wage Notice and Statement Violations</u>

43. Defendant never provided the Plaintiff with annual notices of his wages, or a wage statement, as required by NYLL §§ 195(1), 195(3).

44. The Plaintiff is therefore entitled to statutory damages in the maximum amount of $5,000 under each section, for a total of $10,000.

## Liquidated Damages

45. Liquidated damages of 100% of the unpaid wages under the FLSA are mandatory. See 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). The employer can make this award discretionary, however, by a showing of good faith. 29 U.S.C. § 260. In the present matter, the Defendant have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages is mandatory. Liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime. 29 U.S.C. § 216(b).

46. Likewise, under the NYLL, "an employee is also entitled to liquidated damages 'equal to one hundred percent of the total of such underpayments found to be due,' unless the employer proves a good faith basis for believing he or she was in compliance with the law." Wei, 2014 U.S. Dist. LEXIS 182325, *23 (quoting N.Y. Lab. Law § 663(1)).

47. Given the uncontroverted evidence of Defendant' lack of good faith the Plaintiffs are entitled by statute to liquidated damages under the New York Labor Law, computed at 25% of the unpaid minimum and overtime wages for the period of

11

time prior to April 9, 2011 and 100% for any subsequent unpaid minimum and overtime wages.

48. The Plaintiff's total unpaid wages equal $147,466.63. He is entitled to liquidated damages in the amount of $147,466.63. See <u>Exhibit M</u>.

49. Plaintiff Robles 's total spread of hours damages equals $10,641.00. He is entitled to liquidated damages in the amount of $10,641.00. See <u>Exhibit M</u>.

Attorneys' Fees and Costs

50. The FLSA and the New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").

51. The Plaintiff incurred costs and attorneys' fees in pursuing this action, and seek an award of reasonable attorney's fees and costs.

52. The costs are a total of $912, including a filing fee of $400.00 and fees associated with serving the Defendants with the summons and complaint and summons and amended complaint and serving subpoenas for document production.

53. A breakdown of attorneys' fees and costs incurred in filing the Complaint and seeking default, in the form of this firm's standard billing sheet is attached hereto as <u>Exhibit</u> N.

54. The timekeepers on this matter are indicated by the following initials and have the following rates:

    a) "MF" — Michael Faillace, $450 per hour
    b) "DT" – Daniel Tannenbaum, $350 per hour
    c) "PL" – Paralegal, $125 per hour

A brief biography of each attorney who performed billed work in this matter is as follows:

    i. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

    ii. Daniel Tannenbaum is an associate at Michael Faillace & Associates, P.C. He graduated Hofstra Law School in 2008, and is admitted to the New York Bar, New Jersey Bar, United States District Court, Southern District of New York and the United States District Court, Eastern District of New York. Since law school he has practiced labor and employment law and commercial litigation at a number of law firms. Since joining Michael Faillace & Associates, P.C. in March 2019, he has been responsible for a caseload involving all aspects of the firm's employment docket in federal court.

## Conclusion

55. Based on the above information and exhibits, the Plaintiff assert the record supports a judgment against the Defendant in favor of the Plaintiff, in the total amount of $357,942.77 for unpaid overtime wages damages, spread of hours damages, liquidated damages, prejudgment interest and other claims. Prejudgment interest continues to run and should ultimately be computed through the date judgment is entered.

56. Additionally, the Plaintiff is entitled to $3,989.50 in attorneys' fees and costs.

57. As shown herein, no inquest is necessary when, as in the present case, the Court has before it the proper measure of damages and evidence submitted by the Plaintiff that allows damages to be calculated with reasonable certainty.

58. No part of the judgment sought has been paid.

59. Sufficient definitive information and documentation is provided such that the amount provided for in the proposed judgment can be calculated, based upon allegations contained in the Complaint, and supplemented by the Plaintiff's declarations accompanying these motion papers.

60. The Plaintiff also makes a request for interest on the principal amount of the judgment not to exceed 9%, as stated above and in the damage's calculations.

61. The Plaintiff also requests that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

62. The calculations made in arriving at the proposed judgment amount are set forth in both the explanation above, and in the damages chart itself.

63. A proposed form of judgment is attached as <u>Exhibit O</u>.

64. For the reasons stated above and in the accompanying declarations and exhibits, the Plaintiffs motion for a default judgment should be granted.

Dated: New York, New York
October 7, 2020

                                                                 /s/Michael Faillace, Esq.
                                                                      Michael Faillace, Esq.