UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ISAEL ROBLES NAVA, *individually and on behalf of others similarly situated,*

                          *Plaintiff,*

                 -against-

OPAI THAI INC. (D/B/A OPAI THAI), OPAI INC. (D/B/A OPAI THAI), YAN BING CHEN, TINA DOE and NOE CARRETERO,

                        *Defendants.*
--------------------------------------------------------X

**PROPOSED FINDINGS OF FACT AND CONCLUSION OF LAW AND PARTICULARIZATION OF DAMAGES**

**20-cv-03848**

## PROPOSED FINDINGS OF FACT

1.    The Plaintiff commenced this action by filing the Complaint (and associated documents) on October 14, 2019. (Exhibit A)

2.    This is an action for unpaid wages, overtime, spread of hours pay, liquidated damages, interest, costs and attorneys fees under the Fair Labor Standards Act (29 U.S.C. 201 *et seq.*, "the "FLSA") the New York Labor Law ("NYLL"), and associated rules and regulations. (Exhibit A)

3.    Plaintiff moved for entry of default on Defendants Opai Inc. (d/b/a Opai Thai),

4.    Opai Inc. (d/b/a Opai Thai) Yan Bing Chen, Tina Doe and Noe Carretero on September 1, 2020. The Clerk of the Court then noted defaults against Defendants Opai Inc. (d/b/a Opai Thai), Opai Inc. (d/b/a Opai Thai) Yan Bing Chen, Tina Doe and Noe Carretero on September 2, 2020. Attached as Exhibits G, H, I, J and K are true and correct copies of the Clerk's Certificates of Default. On October 15, 2020, the Plaintiff moved for default judgment against the Defendants. (Dkt. Nos. 35-36)

5.     By orders dated October 15, 2020, District Judge Mary Kay Vyskocil ordered Plaintiff to file a particularization of damages sought and evidentiary support for those damages. (Dkt. No. 37)

## Substantive Facts

*Plaintiff Isael Robles Nava*

1.     Mr. Robles's Declaration in Support is attached as <u>Exhibit L</u>.

2.     Mr. Robles was employed by Defendants.  (Robles Dec. ¶3) Defendants owned and operated a Thai restaurant located at 722 Amsterdam Avenue, New York, NY 10025 under the name "Opai Thai." (Robles Dec. ¶ 4)

3.     Opai Thai's employees handled items that came from outside New York State. (Robles Dec. ¶11) Mr. Robles observed that Defendants had an annual gross volume of sales of at least $500,000.  (Robles Dec. ¶12)

4.     Mr. Robles was employed as a cook and food preparer from approximately May 2017 until on or about January 26, 2017 (Robles Dec. ¶8) Mr. Robles's work did not require discretion nor independent judgment.  (Robles Dec. ¶10)

11.    From approximately May 2017 until on or about May 31, 2019, Mr. Robles worked from approximately 11:00 a.m. until on or about 11:00 p.m., 3 days a week and from approximately 11:00 a.m. until on or about 11:10 p.m., 3 days a week (typically 72 to 72.51 hours per week).

12.    From approximately June 2019 until on or about September 2019, Mr. Robles worked from approximately 11:00 a.m. until on or about 11:00 p.m., 2 days a week and from

2

approximately 11:00 a.m. until on or about 11:10 p.m., 3 days a week (typically 60 to 60.51 hours per week).

13. From approximately October 2019 until on or about November 14, 2019, Mr. Robles worked from approximately 11:00 a.m. until on or about 11:00 p.m., 3 days a week and from approximately 11:00 a.m. until on or about 11:10 p.m., 3 days a week (typically 72 to 72.51 hours per week).

14. From approximately November 15, 2019 until on or about November 30, 2019, Mr. Robles worked from approximately 11:00 a.m. until on or about 11:00 p.m., 2 days a week and from approximately 11:00 a.m. until on or about 11:10 p.m., 3 days a week (typically 60 to 60.51 hours per week).

15. From approximately December 1, 2019 until on or about December 31, 2019, Mr. Robles worked from approximately 11:00 a.m. until on or about 11:00 p.m., 1 day a week and from approximately 11:00 a.m. until on or about 11:10 p.m., 3 days a week (typically 48 to 48.51 hours per week).

9. From approximately January 1, 2020 until on or about January 12, 2020, Mr. Robles worked from approximately 11:00 a.m. until on or about 11:00 p.m., 2 days a week and from approximately 11:00 a.m. until on or about 11:10 p.m., 3 days a week (typically 60 to 60.51 hours per week).

9. From approximately January 25, 2020 until on or about January 26, 2020, Mr. Robles worked from approximately 11:00 a.m. until on or about 11:00 p.m., Saturday and Sunday (typically 24 hours per week).

9. From approximately May 2017 until on or about May 2019, Defendants paid Mr. Robles a fixed salary of $160 per day.

10. From approximately June 2019 until on or about September 2019, Defendants paid Mr. Robles a fixed salary of $165 per day.

9. From approximately October 2019 until on or about January 2020, Defendants paid Mr. Robles a fixed salary of $170 per day.

9. From approximately October 2019 until on or about January 2020, Defendants paid Mr. Robles a fixed salary of $170 per day.

9. From approximately January 25, 2020 until on or about January 26, 2020, Defendants did not pay Mr. Robles any wages for his work.

10. For example, Defendants required that Mr. Robles work an additional 10 minutes past his scheduled departure time three days a week, and did not pay him for the additional time he worked.

11. Although defendants granted Mr. Robles 30 minutes to one-hour meal periods, they constantly would require that he skip the breaks because the restaurant was busy.

12. Defendants did not provide Mr. Robles with any written notice of his rate of pay, his employer's regular pay day and other information required by NYLL §195(1). (Robles Dec. ¶9). Further, Defendants did not provide Mr. Robles with any document or other statement

accurately accounting for all of his actual hours worked, or setting forth the rate of pay for all of his hours worked. (Robles Dec. ¶10).

## CONCLUSIONS OF LAW

Plaintiff's Damages Calculation

6. With respect to damages, the record supports an award to Plaintiff of back pay under the FLSA and applicable New York law; mandatory liquidated damages under the FLSA and New York Labor Law; and costs and attorneys' fees under the FLSA and New York Law.

Minimum and Overtime Wage Back Pay

7. At all times relevant to the FLSA claims in this action, minimum wage rate under the FLSA was $7.25 per hour. 29 U.S.C. §206(a)(1). Employees must be paid one-and-one-half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207(a)(1).

8. The New York minimum wage rate was $7.25 per hour until December 31, 2013 when it became $8.00 per hour. It further increased to $8.75 per hour on December 31, 2014; it further increased to $9.00 per hour on December 31, 2015; it further increased to $11.00 per hour on December 31, 2016; it further increased to $13.00 per hour on December 31, 2017; and it further increased to $15.00 per hour on December 31, 2018 (in New York City) N.Y.L.L. §652. New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. § 146-1.4[1].

---

1 Plaintiff's counsel, without waiving Plaintiff's FLSA rights, calculates damages under the New York Labor Law because it is more advantageous.

9. Plaintiff was employed in the hospitality industry and therefore subject to the Hospitality Industry Wage Order. 12 N.Y.C.R.R. § 146

10. Plaintiff was paid a fixed salary for a regular work week and was not paid at the overtime wage rate for hours worked per week above 40.

11. Plaintiff's Regular rate of pay is determined by dividing his weekly earnings by 40 hours. ("(b) If an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week"). 12 N.Y.C.R.R. § 146-3.5 (b)

12. Plaintiff's Overtime rate of pay is pay at one-and-one-half times the regular rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. § 146-1.4[2].

13. Furthermore, under the New York Labor Law and regulations, the limitations period is six years, regardless of willfulness. N.Y. Labor Law § 663(3). Causes of action under the New York Labor Law accrue in the same manner as do causes of action under the FLSA. See Godlewska v. Human Dev. Assoc., Inc., 2006 U.S. Dist. LEXIS 30519 at *12 (E.D.N.Y. May 18, 2006). Therefore, back pay under the New York Labor Law should be calculated from the start of Plaintiff's employment, which was less than six years from the filing date.

14. Additionally, under the New York Labor Law, Plaintiff is entitled to recover liquidated damages in the amount of 100% of the unpaid minimum wage and overtime wages.

15. Plaintiff also seeks an award of prejudgment interest on the New York law claims for unpaid overtime wages. Under New York law, the court may award prejudgment interest

---

2 Plaintiff's counsel, without waiving Plaintiff's FLSA rights, calculates damages under the New York Labor Law because it is more advantageous.

pursuant to N.Y. C.P.L.R. § 5001 on an award of back pay. *See Epstein v. Kalvin-Miller Int'l, Inc.*, 139 F. Supp. 2d 469, 485-86 (S.D.N.Y. 2001); *McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.*, 176 Misc. 2d 325, 336 (N.Y. County 1997). This is because under New York law, prejudgment interest compensates the plaintiff for the defendant's interest-free use of the Plaintiff's money. *See Gierlinger v. Gleason*, 160 F.3d 858, 874 (2d Cir. 1998); *Chandler v. Bombardier Capital, Inc.*, 44 F.3d 80, 83 (2d Cir. 1994); *Reilly v. Natwest Mkts. Group,* 181 F.3d 253, 265 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119 (2000). In addition, under New York law, prejudgment interest can be awarded in addition to liquidated damages. This is so because under New York law liquidated damages are considered a penalty, serving a different purpose as a sanction for willfully failing to pay wages. *Carter v. Frito-Lay, Inc.*, 425 N.Y.S. 2d 115, 115 (1st Dep't 1980), *aff'd*, 52 N.Y.2d 994, 438 N.Y.S.2d 80 (1981).

16.    Under N.Y. C.P.L.R. § 5004, prejudgment interest runs at the rate of nine percent (9 %) per annum simple interest. *See Perero v. Food Jungle, Inc.*, No. 05 Civ 4347, 2006 WL 2708055, at *8 (E.D.N.Y. Aug. 7, 2006). As to the date from which interest is to be calculated, the statute states that "[w]here . . . damages were incurred at various times, interest [may] be computed . . . upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). When claims that are reduced to judgment have arisen on different dates, the Court may compute prejudgment interest from an appropriate single median date. See *Perero*, 2006 WL 2708055, at *8; *Koylum, Inc. v. Peksen Realty Corp.*, 357 F. Supp. 2d 593, 597 (E.D.N.Y. ), *aff'd in pertinent part and vacated in part*, 160 Fed.Appx. 91 (2d Cir. 2005). Thus, prejudgment interest on Plaintiff's back pay awards should be computed from the median of each relevant period to the date of judgment.

17. Further, Plaintiff is entitled to recover for violations of NYLL §§ 195(1) as per NYLL §§ 198.

18. Additionally, Plaintiff is entitled to recover for violations of NYLL §§ 195(3) as per NYLL §§ 198.

19. Moreover, The FLSA and the New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages.  29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").

20. Plaintiff incurred costs and attorneys' fees in pursuing this action, and seeks an award of reasonable attorneys' fees and costs.

21. The costs are a total of $3,989.50, including a filing fee of $400 and $512.00 in fees associated with serving the defendants.

Spread of Hours Pay

22. Plaintiff is also entitled to spread of hours pay under the New York spread-of-hours regulation, which requires employers to pay workers for an additional hour of overtime-rate pay beyond their regular pay when the workday is more than ten (10) hours.  12 N.Y.C.R.R. § 146-1.6; *Angamarca v. Pita Grill 7 Inc.*, 2012 U.S. Dist. LEXIS 108322, *16-17, 2012 WL 3578781 (S.D.N.Y. Aug. 2, 2012).

Three Year Statute of Limitation Under the FLSA

23.     Plaintiff is entitled to a three-year limitations period under the FLSA, as the uncontradicted evidence in the record supports a finding of willfulness and lack of good faith. Under the FLSA, when the underpayment by the employer is willful, the limitations period increases from two (2) to three (3) years.  29 U.S.C. § 255(a).  Willfulness under the FLSA means the employer "knew or showed reckless disregard for the matter of whether [the employer's] conduct was prohibited by the statute," *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Damassia v. Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 9768 at *5 (S.D.N.Y. May 20, 2005)(willfulness was properly pleaded by alleging, inter alia, that the employer was "aware of the existence of the FLSA and its overtime requirements.").  Courts often also find that a defendant's failure to participate in the proceedings is to be taken as additional support for a finding of willfulness within the meaning of FLSA.  *See Santillan v. Henao*, 822 F. Supp.2d 284, 297 (E.D.N.Y. 2011) ("Many courts have found that a defendant's default, in itself, may suffice to support a finding of willfulness."); *Blue v. Finest Guard Servs. Inc.*, 2010 WL 2927398, at *11 (E.D.N.Y. June 24, 2010) ("Since the corporate defendant has failed to appear in court for this case, and a default judgment has [been] entered against it, its failure to pay plaintiffs' minimum wages is deemed to be willful.").

Liquidated Damages

24.     Liquidated damages of 100% of the unpaid wages under the FLSA are mandatory.  *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages").  The employer can make this award

discretionary, however, by a showing of good faith. 29 U.S.C. § 260. In the present matter, the Defendants have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages is mandatory. Liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime. 29 U.S.C. § 216(b).

25. The NYLL provides for a liquidated damages award "'unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law.'" *McLean v. Garage Management Corp.*, 2012 U.S. Dist. LEXIS 55425 at *21 (S.D.N.Y. April 19, 2012) (quoting NYLL §198(1-a)). This is the same as the FLSA's good-faith standard for liquidated damages.

26. "Prior to November 24, 2009, plaintiffs were entitled to recover liquidated damages under the NYLL equal to 25% of unpaid wages if plaintiffs could prove that employers' NYLL violations were 'willful.'" *McLean* 2012 U.S. Dist. LEXIS 55425 at *21). The pre-amendment willfulness standard is the same as the FLSA's willfulness standard. *Id.* ("the NYLL willfulness' standard under the pre-amendment provision 'does not appreciably differ from the FLSA's willfulness standard'") (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011)).

27. Until April 9, 2011, liquidated damages under New York law were 25% of the unpaid wages. Since April 9, 2011, they are 100% of the underpayments. N.Y. Lab. Law §663(1); *see also Pinovi v. FDD Enters.*, 13-cv-2800 (GBD), 2015 U.S. Dist. LEXIS 89154, *15 (S.D.N.Y. July 8, 2015)

28. Given the uncontroverted evidence of Defendants' lack of good faith and willfulness, Plaintiff is entitled by statute to liquidated damages under the New York Labor Law.

Wage Notice and Wage Statement

New York law required an employer to provide an employee with written notice of his wages at the time of hiring, and to provide a wage statement together with each payment of wages. NYLL §§195(1), (3). The NYLL imposes statutory damages of $50 per day for failure to provide the wage notice, up to a maximum of $5,000, and $250 per day up to a $5,000 maximum penalty for failure to provide wage statements. NYLL §§198(1-b), (1-d).

Prejudgment and Post-judgment Interest

29. Plaintiff is entitled to prejudgment interest on their unpaid spread of hours damages. *See* N.Y. C.P.L.R. §5001; *Angamarca*, 2012 U.S. Dist. LEXIS 108322, at *33-34 (plaintiff may recover prejudgment interest for spread of hours pay).

30. Plaintiff is also entitled to prejudgment interest on their minimum and overtime wage claims under the NYLL. NYLL §198(1-a); C.P.L.R. §5001; *Angamarca*, 2012 U.S. Dist. LEXIS 108322, at *33-34. Plaintiffs maintain that they are entitled to federal liquidated damages for the period worked for Defendants covered by the FLSA (i.e. since December 31, 2011 through the end of his employment), and acknowledge that they cannot recover NYLL prejudgment interest on unpaid wages for the period that they are receiving federal liquidated damages. *Angamarca*, 2012 U.S. Dist. LEXIS 108322, at *33-34. If the Court finds that Plaintiff is not entitled to federal liquidated damages, or finds that the Defendants' violation were not willful and therefore a two-year statute of limitations applies to the FLSA claims, Plaintiff should receive prejudgment interest under the NYLL for any time period for which they do not receive federal liquidated damages.

11

31.     Prejudgment interest should be calculated at the rate of 9% per year, by multiplying the principal by the interest rate of 9% for a single midpoint date up until the date judgment is entered.  *Id.*, 2012 U.S. Dist. LEXIS 108322, at *34.

32.     Plaintiff also should be awarded federal post-judgment interest.  28 U.S.C.§1961.

Attorneys' Fees and Costs

33.     The FLSA and the New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages.  29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").  Plaintiff incurred costs and attorneys' fees in pursuing this action, and seeks an award of reasonable attorney's fees and costs.

Conclusion

34.     Based on the above information, Plaintiff Marisela Flores Garcia should be awarded the following damages against defaulting defendants:

| Damages Category | Amount |
|---|---|
| Minimum and Overtime Wages | $147,466.63 |
| Liquidated Damages on Minimum and Overtime Wages | $147,466.63 |
| Unpaid Spread of Hours (SOH) Pay | $10,641.00 |
| Liquidated Damages on unpaid SOH | $10,641.00 |
| Wage Notice | $5,000.00 |
| Wage Statements | $5,000.00 |
| Attorney Fees | $3,077.50 |

| Attorney Costs | $912.00 |
|---|---|
| **Total in Damages** | $357,942.74 |

35. Plaintiff should be awarded attorneys' fees of $3,077.50 and costs of $912.00, totaling $3,989.50.

36. As shown herein, no live testimony is necessary when, as in the present case, the Court has before it the proper measure of damages and evidence submitted by Plaintiff that allows damages to be calculated with reasonable certainty. The computation of damages in accordance with the methods described above is set forth in the accompanying spreadsheets (Exhibit M).

37. Plaintiff also requests interest on the principal amount of the judgment at the federal post-judgment interest rate, pursuant to 28 U.S.C. §1961.

38. Plaintiff also requests that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment under the NYLL shall automatically increase by fifteen percent, as required by NYLL § 198(4).

Dated: New York, New York
November 5, 2020

                                             /s/ *Michael Faillace*
                                             Michael Faillace
                                             Michael Faillace & Associates, P.C.
                                             60 East 42nd Street, Suite 2540
                                             New York, NY 10165
                                             (T) (212) 317-1200

(F) (212) 317-1620
*Attorney for Plaintiff*