```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____               │
│ DATE FILED:  2/3/2021                │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISAEL ROBLES NAVA, individually and on behalf of
others similarly situated,

                    Plaintiff,

            -against-

OPAI THAI INC. d/b/a OPAI THAI, OPAI INC. d/b/a OPAI
THAI, YAN BING CHEN, TINA DOE, and NOE
CARRETERO,

                    Defendants.

---

1:20-cv-03848-MKV

ORDER TO SHOW CAUSE
AND SCHEDULING ORDER

MARY KAY VYSKOCIL, United States District Judge:

This Order follows an evidentiary hearing that was held in response to an unusual series of
events that unfolded after the filing of this action involving the parties and their attorneys.

Plaintiff Isael Robles Nava commenced this Fair Labor Standards Act ("FLSA") case on
May 18, 2020, by filing the Complaint. [ECF No. 1.] Affidavits of service were filed in August
2020. [*See* ECF Nos. 14–15, 17–19.] On September 2, 2020, the Clerk of Court issued Certificates
of Default. [ECF Nos. 26–30.]

On October 8, 2020, Plaintiff filed a Motion for Default Judgment as to all five Defendants.
[ECF No. 35.], supported by a Declaration of Michael Faillace ("Mr. Faillace"), lead counsel for
Plaintiff [ECF No. 36], with several exhibits including, *inter alia*, a Declaration of Plaintiff Isael
Robles Nava dated October 7, 2020 [ECF No. 36-12]. On October 15, 2020, the Court issued an
Order to Show Cause and Scheduling Order directing Defendants to show cause why default
judgment should not be entered and scheduling a Default Judgment Hearing for December 15,
2020. [ECF No. 37.]

On November 16, 2020, Ren Rong Pan ("Mr. Pan"), counsel for Defendant Yan Bing Chen
("Ms. Chen"), appeared and filed a Notice of Voluntary Dismissal "with prejudice as to all claims,

causes of action, and parties" dated July 3, 2020, personally signed by Plaintiff, and notarized. [ECF No. 48.]  Later that day, Daniel Tannenbaum ("Mr. Tannenbaum"), an attorney for Plaintiff, filed a letter requesting a conference to discuss the Notice of Voluntary Dismissal.  [ECF No. 49.] The letter represents that the Notice of Voluntary Dismissal was executed without participation of Plaintiff's counsel and notes that on October 7, 2020, Plaintiff signed the Declaration filed in support of the Motion for Default Judgment.  [ECF No. 49; *see* ECF No. 36-12.]  That same day, the Court issued an Order to Show Cause directing, *inter alia*, Mr. Pan to advise the Court whether the Notice of Voluntary Dismissal was the result of a settlement between the parties and to describe the circumstances surrounding the execution of the Notice.  [ECF No. 50.]

On November 19, 2020, Mr. Pan filed a letter explaining that he was not retained by Ms. Chen until November 13, 2020, when he was asked to file the Notice of Voluntary Dismissal.  [ECF No. 51.] An Affidavit of Ms. Chen explains that in July Plaintiff had signed the Notice of Voluntary Dismissal in exchange for $4,500 without any involvement of Mr. Pan.  [ECF No. 51 at 3–4 ¶¶ 4, 6.]  On November 23, 2020, Mr. Pan filed a second letter advising the Court that Ms. Chen transmitted an additional $10,000 to Plaintiff, who allegedly claimed that his attorney would not "'cancel' the case without receiving the money as compensation."  [ECF No. 52.]

On December 1, 2020, the Court entered an Order adjourning the Default Judgment Hearing, adding the recent filings to the agenda for the Hearing, and ordering Plaintiff and Ms. Chen personally to appear at the Hearing.  [ECF No. 53.]  On December 2, 2020, the Court entered an Order directing Ms. Chen to file an affidavit detailing the circumstances of the $10,000 transaction and Michael Faillace & Associates, P.C. to file a response describing the involvement of each attorney in this matter.  [ECF No. 54.]

On December 9, 2020, Ms. Chen filed an Affidavit explaining the details regarding her payment of an additional $10,000 to plaintiff. [ECF No. 55-1.]  The same day, Mr. Faillace filed a letter representing, *inter alia*, that Plaintiff never advised counsel that he wanted to dismiss the case or that he had reached a settlement with Plaintiff.  [ECF No. 56.]  Mr. Faillace also represented that his firm never communicated with Plaintiff about payment of fees and that Plaintiff never mentioned any interactions with Ms. Chen when the firm worked with Plaintiff in preparing Plaintiff's Declaration in support of the Motion for Default Judgment.  [ECF No. 56.]  Mr. Faillace further provide some general information regarding his involvement in the case and that of Mr. Tannenbaum.  [ECF No. 56; *see* ECF No. 49.]

On December 30, 2020, Mr. Tannenbaum filed a Motion to Withdraw "as his last day of employment with the law firm of Michael Faillace & Associates, P.C. was Wednesday, December 23, 2020."  [ECF No. 62.]  That same day, Mr. Pan filed an Amended Affidavit of Ms. Chen [ECF No. 63], attaching transcripts of various conversations that Ms. Chen had secretly recorded relating to her payment of additional funds to Plaintiff.  [ECF Nos. 63-1, 63-3 to 63-5.]

On January 6, 2021, the Court entered a Scheduling Order adjourning the Hearing to February 1, 2021, and directing Plaintiff, Ms. Chen, Mr. Faillace, Mr. Tannenbaum, and Mr. Pan to "appear and participate by video."  [ECF No. 65 at 2.]

On January 27, 2021, Mr. Faillace filed a letter responding to Ms. Chen's Amended Affidavit and reiterating that his firm never demanded payment from Defendant or received payment from Plaintiff or anyone else.  [ECF No. 67.]

The Court held the Hearing on February 1, 2021.  Mr. Pan, Ms. Chen, and Mr. Tannenbaum appeared by video.  Due to technical difficulties, Mr. Faillace and Mr. William Kevin Oates, Jr., an attorney from Mr. Faillace's firm, appeared by telephone.  Plaintiff did not appear.

With respect to Plaintiff's failure to appear, Mr. Faillace advised the Court that Plaintiff has not responded to any communications from his firm since early December and that his firm sent to Plaintiff, *inter alia*, the Court Orders directing Plaintiff to appear at the Hearing.  Mr. Faillace represented that after the Notice of Voluntary Dismissal was filed in November, someone from his firm spoke to Plaintiff who stated that he signed the Notice of Voluntary Dismissal in July because he needed money but that he would return the money to Ms. Chen and that he wanted to proceed with the case.

As to the pending Motion to Withdraw, Mr. Tannenbaum represented that he was terminated after the issues regarding the Notice of Voluntary Dismissal arose and that he believes that his termination was related to this case.  Specifically, after he filed the November 16 letter [ECF No. 49], he advised Mr. Faillace that he did not want to work on the case any further.  His employment was terminated shortly thereafter.  Mr. Faillace responded that Mr. Tannenbaum was terminated in late December due to performance-related issues.

Ms. Chen then testified to the transactions between her and Plaintiff.  She explained that during their encounters at Mr. Faillace's office building in November, she gave $10,000 cash to Plaintiff who deposited the money into his account at Chase Bank.  Plaintiff then wrote the checks to Mr. Faillace in Ms. Chen's presence, and they agreed that they would each hold one check.  Ms. Chen swore that her testimony was truthful.

<u>Findings:</u>  The Court scheduled the February 1 Hearing as an evidentiary hearing by videoconferencing to assess the parties' credibility and demeanor.  The Court found Ms. Chen to be particularly credible.  She testified affirmatively and clearly, and her testimony was consistent with her affidavits.  Ms. Chen's testimony went unrebutted given Plaintiff's failure to appear. Plaintiff's counsel, Mr. Faillace, failed to appear by video, so the Court could not assess his

demeanor.  The Court observed, however, that at times Mr. Faillace's answers were imprecise, vague, and inconsistent.  In any event, Mr. Faillace did not provide information bearing on execution of the Notice of Voluntary Dismissal or the exchanges of money between Plaintiff and Ms. Chen.

In accordance with the matters discussed on the record at the Hearing:

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment is DENIED. Plaintiff signed the Notice of Voluntary Dismissal in exchange for a monetary payment before moving for default judgment.  The Notice of Voluntary Dismissal relates to "all claims, causes of action, and parties."  [ECF No. 48.]  Plaintiff's signing the Notice of Voluntary Dismissal, as well as the history of this case outlined above, makes entry of a default judgment inappropriate.  *See Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) ("The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993))); *cf. Dental Care Leasing, LLC v. Miller*, No. 7:19-CV-46-BO, 2019 WL 3822511, at *2 (E.D.N.C. Aug. 14, 2019) ("[B]ecause plaintiffs have given notice of their voluntary dismissal of defendant Express Urgent Dental Care, plaintiff's motion for default judgment against Express . . . [is] denied as moot."); *Jones v. Experian Info Sols., Inc.*, No. 14-10218-GAO, 2015 WL 854921, at *1 (D. Mass. Feb. 27, 2015) (recommending that default judgment motion as to certain defendants be denied as moot where plaintiff had voluntarily dismissed action as to them).

IT IS FURTHER ORDERED that Mr. Tannenbaum's Motion to Withdraw [ECF No. 62] is GRANTED.  Mr. Tannenbaum shall remain available to the United States District Court for the

Southern District of New York and comply with any further inquiry into this matter.  He shall update the Court regarding any changes to his contact information.

IT IS FURTHER ORDERED that on or before February 15, 2021, Plaintiff shall show cause, in affidavit form, why Plaintiff should not be held in contempt of Court for violating the Court's Orders directing him to appear at the Hearing.  [*See* ECF No. 53, 65.]  In addition, counsel for Plaintiff shall detail all efforts to contact Plaintiff from February 1, 2021, through February 15, 2021, and provide information about where and how Plaintiff can be contacted.  Counsel shall also provide a detailed description of the involvement in this matter of <u>**all**</u> employees of Michael Faillace & Associates, P.C., including but not limited to attorneys and paralegals, and the extent of the contacts with Plaintiff or with Ms. Chen.  **The affidavit shall <u>not</u> include any information relating to the purported reasons for the termination of Mr. Tannenbaum.**

IT IS FURTHER ORDERED that on or before February 15, 2021, Plaintiff shall show cause, by letter not to exceed four pages in length, why this case should not be dismissed given Plaintiff's signing of the Notice of Voluntary Dismissal and accepting payment from Ms. Chen.

IT IS FURTHER ORDERED that the parties shall appear for a further Hearing on these matters on February 22, 2021, at 2:00 PM.  The Hearing will be conducted by videoconference via Skype.  All parties and attorneys—including Plaintiff Isael Robles Nava, Defendant Yan Bing Chen, Ren Rong Pan, Michael Faillace, Willam Oates, Jr., and Daniel Tannenbaum—shall appear and participate **<u>by video</u>**.  The parties will receive a link by e-mail.  The public may join the hearing by telephone by dialing 917-933-2166 and entering code 176932250.

<u>**PLAINTIFF'S FAILURE TO APPEAR AT THIS HEARING WILL RESULT IN HIS BEING PLACED IN CONTEMPT OF COURT AND MAY RESULT IN DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE.**</u>

IT IS FURTHER ORDERED that this matter shall be referred to the Committee on Grievances of the Southern District of New York.

The Clerk of Court is respectfully requested to close docket entries 35, 49, and 62.

**SO ORDERED.**

**Date:  February 3, 2021**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**