UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/10/2021

ISAEL ROBLES NAVA, individually and on behalf of others similarly situated,

Plaintiff,

-against-

OPAI THAI INC. d/b/a OPAI THAI, OPAI INC. d/b/a OPAI THAI, YAN BING CHEN, TINA DOE, and NOE CARRETERO,

Defendants.

1:20-cv-03848-MKV

ORDER OF DISMISSAL
WITH PREJUDICE

MARY KAY VYSKOCIL, United States District Judge:

This Order memorializes and further explains the ruling made on the record at the hearing conducted by videoconference on May 10, 2021. Defendant Yan Bing Chen appeared at the hearing personally by video and accompanied by counsel. Plaintiff failed to appear. At the hearing, the Court recited the lengthy and unusual procedural history of this case, which has been outlined in prior Orders of the Court. [*See, e.g.*, ECF Nos. 70, 79, 84.] Thereafter, the Court ordered that the case be dismissed for failure to prosecute and, alternatively, by reason of Plaintiff's signing the Notice of Voluntary Dismissal. [*See* ECF No. 48.]

Federal Rule of Civil Procedure 41(b) provides in part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although not explicitly authorized by Rule 41(b), a court may dismiss a claim for failure to prosecute *sua sponte*." *Harding v. Goord*, 135 F. App'x 488, 488 (2d Cir. 2005) (summary order) (citing *Spencer v. Doe*, 139, F.3d 107, 112 (2d Cir. 1998)). The Second Circuit has explained that "dismissal for lack of prosecution is a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). The standard is

heightened in cases of *pro se* litigants. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Minnette*, 997 F.2d at 1027)). While dismissal may be a harsh remedy, "the Court's authority to dismiss an action 'for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" *Akhtab v. BCBG Max Azria Grp. Inc.*, No. 08 Civ. 3088 (AKH), 2010 WL 11590860, at *1 (S.D.N.Y. June 24, 2010) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

In deciding whether to dismiss a case for failure to prosecute, district courts must consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); and *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir. 1999)). None of the five factors is dispositive. *Id.* (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

Considering the five factors, the Court concludes that dismissal with prejudice is appropriate in this case. First, Plaintiff's conduct has caused this matter to drag on for nearly ten months. *See Lopez v. Catholic Charities of Archdiocese of N.Y.*, No. 00 Civ. 1247(AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (noting that "courts have granted [motions to dismiss for failure to prosecute] on delays of four months or less where circumstances warranted dismissal" (citing *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99 Civ. 9311(SAS), 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000))). Plaintiff's former counsel outlined difficulties communicating with Plaintiff, Plaintiff's lack of cooperation and sporadic

disappearances, and Plaintiff's admission that he signed the Notice of Voluntary Dismissal in exchange for money but nonetheless insisted that the case continue and even assisted counsel with the filing of the motion for default judgment, followed by total non-responsiveness by Plaintiff and his failure to appear at hearings. [*See generally* ECF No. 74; ECF No. 36-12.] In this connection, the Court notes that Plaintiff's non-cooperation and other considerations not relevant here but reflected in communications from Plaintiff's former counsel and laid out in a prior Order of the Court [ECF Nos. 74, 79] ultimately resulted in the Court granting counsel's motion to withdraw.

Second, Plaintiff received notice that further delays would result in dismissal. [ECF Nos. 70, 75, 79, 84.] The Court is mindful of Plaintiff's *pro se* status, but "a *pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case." *Menu v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (citing *Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 672 (2d Cir. 2012) (summary order)). The Second Circuit has made clear that the "sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam) (collecting cases). Despite receiving numerous direct warnings from the Court that the case could be dismissed, Plaintiff repeatedly has failed to appear, comply with Court Orders, or take any other action to prosecute the case. *See Smith v. Dinoia*, No. 19-CV-4471 (KMK), 2020 WL 4041449, at *1–2 (S.D.N.Y. July 17, 2020) (dismissing for failure to prosecute where *pro se* plaintiff was unresponsive for months despite warnings that case could be dismissed); *Smith v. Westchester County*, No. 19-CV-1283 (KMK), 2020 WL 883332, at *1 –2 (S.D.N.Y. Feb. 24, 2020) (same); *Leon v. Rockland Psychiatric Ctr.*, No. 15-CV-5040 (KMK), 2017 WL 6948591, at *1–2 (S.D.N.Y.

Nov. 28, 2017) (same); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (same).  It bears noting, furthermore, that Plaintiff's *pro se* status is recent and results, in part, from his failure to cooperate with and respond to his attorney.  The Court's various warnings of dismissal were in writing, clear, and prominent (capitalized, bold face, and underlined) [ECF Nos. 70, 75, 79, 84], and Plaintiff's counsel filed an affidavit attesting that the Court's Orders were served on Plaintiff.  [ECF No. 83.]  In addition, the Clerk of Court mailed multiple Court Orders to the addresses provided by Plaintiff.  [ECF No. 85; ECF Entry dated Apr. 12, 2021.]

Third, the prejudice to Defendants cannot be overstated.  Despite Plaintiff having executed the Notice of Voluntary Dismissal in exchange for monetary payment ($4,500), Ms. Chen, owner of the restaurant Defendant, Opai Thai, has had to retain counsel, file numerous detailed submissions describing the developments caused by way of Plaintiff's actions, and appear at multiple Court hearings, presumably incurring legal fees for the same.  She also provided Plaintiff with further monetary payment ($10,000), which she borrowed from friends [ECF No. 80 at 19:9–10], under the mistaken belief that Plaintiff would thereafter dismiss the case.  Any additional delay of this action unquestionably would be further prejudicial to Defendants.  *See, e.g.*, *Miller v. Lavergne*, No. 19-CV-6371(OTW), 2021 WL 1372651, at *2 (S.D.N.Y. Apr. 11, 2021) (finding that "Defendants—who appear to have been hard-hit by the COVID-19 pandemic and cannot afford to pay legal fees—have been, and will continue to be, prejudiced by Plaintiff's unreasonable and unexplained . . . delay"); *Southridge Partners II, LP v. SND Auto Grp., Inc.*, No. 3:17-cv-1925(KAD), 2020 WL 5074296, at *2 (D. Conn. Aug. 27, 2020) (finding that "Defendants have faced prejudice by incurring costs and attorneys' fees to defend a case that [plaintiff] is not prosecuting").

Fourth, the Court's interest in managing its docket efficiently outweighs Plaintiff's interest in maintaining this case on the docket. *Miller*, 2021 WL 1372651, at *2. Plaintiff has shown no interest in being heard on the merits and previously executed, but did not file, a Notice of Voluntary Dismissal of the case. [ECF No. 48.] Plaintiff's conduct has required the Court to issue numerous orders and hold multiple hearings. In addition, the Court has had to adjourn hearings in this matter on multiple occasions given Plaintiff's failure to appear or otherwise respond to the Court's Orders. [ECF Nos. 70, 79, 84.] "It is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Davison v. Grillo*, No. 05 CV 4960(NG)LB, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006).

Finally, the Court has considered lesser sanctions but "there is nothing in the record to suggest that a sanction less serious that dismissal will resolve the plaintiff's failure to cooperate." *Sngleton v. City of New York*, No. 14-cv-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015); *see also Southridge Partners*, 2020 WL 5074296, at *3 (concluding that "no lesser sanction will suffice given [plaintiff's] apparent abandonment of any effort to prosecute its claims and failure to communicate the Court a contrary intention"). The Court, moreover, finds that dismissal with prejudice is appropriate because "no sanction less than dismissal with prejudice will alleviate the prejudice to defendant[] of continuing to keep this action open." *Crook v. Sanchez*, No. 13-CV-328 (JFB)(SIL), 2014 WL 7399316, at *2 (E.D.N.Y. Dec. 29, 2014). This is particularly acute in this case where Plaintiff took money from Defendants purporting to resolve his claims, signed a Notice of Voluntary Dismissal, and thereafter failed to respond to or cooperate with his lawyer or the Court in response to several Orders and warnings issued by the Court.

In sum, dismissal with prejudice for failure to prosecute is clearly warranted.

5

Alternatively, as explained on the record at the hearing, Plaintiff's executing the Notice of Voluntary Dismissal in exchange for monetary payment provides an additional ground for dismissal. While stipulated dismissals with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) settling FLSA claims require court approval, the Second Circuit has not addressed whether court approval is also required for voluntary dismissals of FLSA claims with prejudice under Rule 41(a)(1)(A)(i). *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). District courts in this circuit have found that court approval of voluntary dismissals under Rule 41(a)(1)(A)(i) generally is required. *See, e.g.*, *Amadis v. Newcastle Realty Servs., LLC*, No. 17cv8116, 2018 WL 2727350, at *1 (S.D.N.Y. May 10, 2018); *Carson v. Team Brown Consulting, Inc.*, 416 F. Supp. 3d 137, 146–48 (E.D.N.Y. 2017); *Martinez v. Ivy League Sch., Inc.*, No. 15-CV-7238(DRH)(GRB), 2016 WL 3582062, at *1 (E.D.N.Y. June 28, 2016). There being no binding precedent on this issue, and given the totality of the circumstances in this case, the Court declines to subject the terms of the agreement between Plaintiff and Ms. Chen regarding the execution of the Notice of Voluntary Dismissal to the typical judicial scrutiny. Thus, Plaintiff's signing of the Notice of Voluntary Dismissal provides an alternative ground for dismissal with prejudice.

Accordingly, IT IS HEREBY ORDERED that this case is DISMISSED WITH PREJUDICE. The Clerk of Court is respectfully requested to close the case.

**SO ORDERED.**

**Date: May 10, 2021**
**New York, NY**

MARY KAY VYSKOCIL
United States District Judge